Violet COLEMAN–EDWARDS,
Plaintiff–Appellant,

v.

Gary V. SIMPSON, Concord Baptist Church of Christ, Board of Directors of the Concord Baptist Church of Christ, United States Department of Education, Defendants–Appellees.

No. 08–2456–cv.

United States Court of Appeals, Second Circuit.

May 12, 2009.

Regina Felton, Brooklyn, NY, for Plaintiff–Appellant.

Sonya D. Johnson, Arent Fox LLP, New York, N.Y. (Darrell Gay, on the brief), for Defendant–Appellee.

---

\* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. J. GARVAN MURTHA,\* District Judge.

### SUMMARY ORDER

Appellant Violet Coleman–Edwards, the former principal of Concord Baptist Elementary School in Brooklyn, New York, appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.* ). The district court granted the defendants' motion for summary judgment on her claims that Concord Baptist Church of Christ failed to (1) pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"); (2) notify her of her right to continuing health coverage under the Consolidated Omnibus Reconciliation Act ("COBRA"); and (3) adhere to the requirements of the Employment Retirement Income Security Act ("ERISA") in administering Concord's pension plan. The district court concluded that Coleman–Edwards was an administrative employee exempt from entitlement to overtime pay under the FLSA and that COBRA and ERISA requirements do not apply to "church plans" like the ones Concord had established. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

■ Employees are exempt from requirements governing overtime compensation when they are employed in an "academic administrative" capacity or as a teacher in an elementary school. 29 U.S.C. § 213(a)(1). The exemption is not determined by job title alone but is instead determined by the employee's salary and duties. *See* 29 C.F.R. § 541.2; *Auer v. Robbins,* 519 U.S. 452, 455, 117 S.Ct. 905,

137 L.Ed.2d 79 (1997) (discussing "salary-basis" test and "duties" test).

■ With respect to the salary component, an employee will not be exempt if her salary is "subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Such deductions exist only if "there is either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Auer*, 519 U.S. at 461, 117 S.Ct. 905 (drawing from Secretary of Labor's interpretation of applicable regulations). Concord's imposition of a single punitive pay deduction after Coleman–Edwards missed a day of work for personal reasons does not demonstrate an actual practice of compensating her on a non-salary-basis, especially since the FLSA regulations provide that a salary deduction of one or more full days in response to an employee's absence for personal reasons will not affect his or her status as an exempt employee. 29 C.F.R. § 541.602(b)(1). Nor does a single deduction amount to a clear policy. The same is true of Simpson's threat to dock pay based on uniform infractions, communicated via two "Pastor's Reflections" memoranda to Coleman–Edwards. There is no evidence that any salary deductions actually occurred on that ground, and Simpson's isolated statements fall well short of establishing a clear and particularized policy.

With respect to the duties component, an employee must "exercise discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202(a). Administrative employees in educational institutions must perform functions "directly related to academic instruction or training" in order to be considered exempt. 29 C.F.R. § 541.204(a)(2). The

exercise of discretion and independent judgment "implies that the employee has authority to make independent choice, free from immediate direction or supervision," though decisions or recommendations that are "reviewed at a higher level," may still be considered sufficiently discretionary to satisfy the duties test. 29 C.F.R. § 541.202(c)

■ Under this component, Coleman–Edwards was an exempt employee. She exercised the discretion of a principal on a daily basis and made important decisions related to instruction. She spent a significant amount of time supervising the school's teaching staff and providing teaching evaluations. She also called staff development meetings, chose to implement a different standardized testing system than had previously been used in the school, interviewed candidates for teaching positions and made hiring recommendations to the Senior Pastor, recruited new students, prepared proposed budgets, taught classes in the core subjects, and made decisions related to student discipline.[1] That Simpson possessed general supervisory authority over the school does not mean Coleman–Edwards lacked discretion to make decisions in her own right and is instead consistent with the regulations' recognition that decisions of exempt employees may be "reviewed at a higher level." § 541.202(c).

■ Coleman–Edwards's COBRA and ERISA claims also fail. It is not in dispute that Concord established its health and pension plans and that Concord is a church that possesses 501(c)(3) tax exempt status. The plans are therefore "church plans" that are not subject to COBRA and ERISA requirements. *See* 29 U.S.C.

1. In December, 2002, Simpson terminated Coleman–Edwards after she exercised what she conceded was poor judgment in responding to incidents of student misbehavior.

§ 1002(33), 26 U.S.C. § 414(e) (defining a "church plan" as one established and maintained by a church that has tax exempt status); *see also* 29 U.S.C. § 1003(b)(2), 26 C.F.R. 54.4980B–2 (exempting "church plans" from applicable requirements).

For the foregoing reasons, the judgment is AFFIRMED.